OPINION OF THE COURT
PER CURIAM.
These appeals are from a final order of the district court affirming in part, and vacating and remanding in part, the judgment of the Virgin Islands Territorial Court. In an action on a lease by the Association of St. Croix Condominium Owners (the Association), the Territorial Court awarded the Association $2,147.31 in part due rent and water charges and ordered the eviction of the Hotel for its failure to comply with its obligation to maintain the leasehold premises. The Territorial Court, however, awarded the Hotel $1,800 on its counterclaim.
On appeal, the District Court of the Virgin Islands vacated the order of eviction and remanded the question of Hotel’s continued possession for a determination of whether the Hotel had remedied the breach of its maintenance obligation prior to judgment in accordance with V.I.Code Ann. Tit. 28, § 292(a). In addition, since the Territorial Court did not set forth its reasons for denying attorney’s fees to the Hotel, although the Hotel had prevailed on its counterclaim, see V.I.Code Ann. Tit. 5 § 541(b), the District Court remanded that question for an articulation by the Territorial Court.
In its appeal to this Court, No. 81-2992, the Hotel contends that the Territorial Court erred in admitting parol evidence at trial to clarify the lease, in finding that the Hotel breached its maintenance obligation under the lease, and in not awarding attorney’s fees on the Hotel’s counterclaim. The Hotel also asserts that the District Court erred in failing to rule that eviction is an improper remedy in this case. In the Association’s appeal, No. 81-2993, it contends that the District Court erred when it failed to find that the Hotel had not remedied its breach of the lease in accordance with Section 292(a).
During the course of oral argument held on April 30, 1982, it appeared that the St. Croix Hotel Corporation had earlier filed a petition under Chapter XI in Bankruptcy. Therefore, this court under date of July 6, 1982, cognizant of the provisions of Section *368 862 of the Bankruptcy Code, stayed the instant appeal in this court and directed the district court similarly to respect the stay provisions of that section. The Order entered by this court was without prejudice to the rights of the parties to apply to the Bankruptcy Court for relief from the provisions of § 362. Thereafter this court was informed that the Bankruptcy Court had by its Order of August 11, 1982 granted relief from the automatic stay of proceedings and did so effective nunc pro tunc June 15,1981. A petition denominated a Petition for Rehearing was filed with this court waiving any hearing by the court en banc but seeking a determination of the said appeals on the merits by the panel before which the appeals were originally listed.
On September 22,1982, this court entered an Order which treated the Petition for Rehearing as a motion to dissolve the stay imposed in this court as to the instant appeals, Nos. 81-2992 and 81 — 2993, and as a motion for relisting of the said appeals on the merits and for consideration of the said appeals on the merits. That Order further required that an answer to the Association’s motion as now restructured be filed by the St. Croix Hotel Corporation. Under date of September 29, 1982, the St. Croix Hotel Corporation answered the Association’s motion and stated that it did not oppose the motion to dissolve the stay and to consider the appeals on the merits. On October 6, 1982 an order granting the motion to dissolve the stay and to consider the appeals on the merits was granted.
The court has now considered the merits of the appeals and all the contentions raised by the parties in their appeals, and it is
ORDERED and ADJUDGED that the judgment of the district court be and the same is hereby affirmed.
Each party to bear its own costs.